UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. WARZEK, | Case No. 1:17-cv-01452-AWI-SAB (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING ACTION PROCEED AGAINST DEFENDANTS M. CONANAN, O. ONYEJE AND CHARLES E. YOUNG AND DISMISSING DEFENDANTS ANDERSON AND TRUMBLY |
| v. | |
| O. ONYEJE, et al., | |
| Defendants. | [ECF No. 11] |

Plaintiff Michael R. Warzek is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint filed on January 19, 2018, in response to the Court's November 21, 2017 screening order.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names O. Onyeje (Chief Medical Executive at Pleasant Valley State Prison [PVSP]), Charles E. Young (Chief Executive Officer at PVSP), D. Anderson (licensed food supervisor at PVSP), T. Trumbly (licensed food supervisor), and M. Conanan (Primary Care Provider at PVSP), as Defendants.

On or about January 28, 2016, Plaintiff began complaining to the cook supervisors about the excessive amount of cayenne pepper, black pepper and other spices used to cook the food which was exacerbating his medical condition and making his physically sick. Plaintiff also mentioned that on multiple occasions he had to throw all of his food away and go hungry.

1    On or about January 28, 2016, Plaintiff informed Defendant D. Anderson about the excessive
2    amounts of grease, cayenne chili pepper and other spices used to prepare the food, and that the large
3    amounts were causing him to aspirate, choke and burn his esophagus.  Defendant Anderson stated that
4    he would monitor the inmate cooks who prepare the food to correct the problem.
5    On or about July 5, 2016, Plaintiff again wrote to the main kitchen regarding the excessive
6    amounts of seasoning used to prepare the food, and was interviewed by Defendant T. Trumbly.
7    During the interview, Plaintiff explained his medical condition and advised Trumbly that the excessive
8    amount of spices used were exacerbating his medical condition and making him physically sick.
9    Defendant Trumbly indicated that he would monitor the inmate cooks better to correct the problem,
10   but the problem was never corrected by either Anderson or Trumbly.
11   Plaintiff's medical conditions include, but are not limited to, Acid Reflux Disease (GERD),
12   Barrett's Esophagus, Diverticulitis and Hiatal hernia, all of which are gastrointestinal in nature, and
13   can be controlled by a proper medical diet.
14   Over the next year, Plaintiff continued to complain to his Primary Care Provided (PCP)
15   Defendant M. Conanan that the excessive amounts of seasoning and grease used in the food was
16   making him physically sick and causing him to choke and vomit.  Defendant scheduled Plaintiff to see
17   a registered dietitian.
18   On September 21, 2016, Plaintiff spoke with registered dietitian L. Hilton, who evaluated his
19   medical condition and recommended a host of food items that the Plaintiff should avoid to alleviate his
20   symptoms.  This recommendation also included a list of health food items that the Plaintiff should eat
21   to help with his medical condition.
22   On or about October-December 2016, Plaintiff informed Defendant M. Conanan about
23   Hilton's recommendation that he be given a medical chrono to allow him more time to fully chew and
24   eat his food in the kitchen, but the request was denied.
25   Plaintiff further informed Defendant M. Conanan that the greasy/spicy food was causing him
26   severe burning in his chest and esophagus, and that the recommendation of the registered dietitian was
27   not being adhered to.  The dietitian recommended a host of food items the Plaintiff should avoid, and
28   such food items were served on a regular basis as part of the regular diet served to the inmate

population. Plaintiff submits that the food items recommended by the dietitian could only be provided to Plaintiff by way of a special therapeutic diet-which Defendant Conanan continues to deny.

On or about November 21, 2016, after numerous letters, requests and interviews, Plaintiff filed a formal medical appeal to the medical supervisors. In the appeal, Plaintiff mentioned that the failure to provide him the means to follow the recommendations of the registered dietitian was contributing to, and making his serious medical condition worse. Defendants Onyeje and Young continue to refuse Plaintiff a proper medical diet to alleviate the serious pain he is forced to endure. Plaintiff's medical issues require the Defendants to make it possible for him to follow the recommendations of the registered dietitian, and the course of treatment the doctors chose was in conscience disregard of an excessive risk to Plaintiff's health.

### III.

### DISCUSSION

#### A. Deliberate Indifference to a Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation. O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks omitted); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Based on Plaintiff's allegations in the first amended complaint, construed in the light most favorable to him, the Court finds that he states a cognizable claim for deliberate indifference against Defendants M. Conanan, O. Onyeje and Charles E. Young for failure to provide an appropriate diet to treat his medical condition. However, Plaintiff fails to state a cognizable claim against Defendants Anderson and Trumbly. Defendants Anderson and Trumbly as food supervisors have no authority over Plaintiff's medical diet and/or issuance of a medical chrono-the basis of Plaintiff's cognizable claim for deliberate indifference. Indeed, absent a medical/food chrono, there is no constitutional requirement that Defendants Anderson and Trumbly are required to cook the food to appease Plaintiff only. LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993) (food does not need to be tasty or aesthetically pleasing). Furthermore, even assuming Plaintiff's allegations are true that Defendants Anderson and Trumbly failed to monitor the amount of spices and grease in preparation of the meals, such allegations amount to nothing more than mere negligence, and negligence does not state a claim under the Eighth Amendment. Mere indifference or negligence does not support a claim of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-106 (1976). Even gross negligence is insufficient to establish deliberate indifference to a serious medical need. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Accordingly, Plaintiff fails to state a cognizable claim against Defendants Anderson and Trumbly.

## IV.

## RECOMMENDATIONS

Plaintiff's complaint states a cognizable claim against Defendants M. Conanan, O. Onyeje and Charles E. Young for failure to provide an appropriate diet to treat his medical condition. However, Plaintiff has not sufficiently alleged facts to state a cognizable claim for deliberate indifference to a serious medical need against Defendants Anderson and Trumbly. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and based upon the allegations in Plaintiff's original and first amended complaint and nature of the deficiencies, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a deliberate indifference claim Defendants Anderson and Trumbly, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend

when amendment would be futile."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th. Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action shall proceed against Defendants M. Conanan, O. Onyeje, and Charles E. Young for deliberate indifference to a serious medical need; and

2. Defendants Anderson and Trumbly be dismissed from the action for failure to state a cognizable claim under the Eighth Amendment.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 25, 2018**__

UNITED STATES MAGISTRATE JUDGE