**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL R. WARZEK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. ONYEJE, et al.,<br><br>　　　　Defendants. | Case No.: 1:17-cv-01452-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[ECF No. 31] |

Plaintiff Michael R. Warzek is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed January 7, 2019.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants M. Conanan, O. Onyeje, and Charles E. Young for deliberate indifference to a serious medical need.

On August 2, 2018, Defendants filed an answer to the complaint.

On August 7, 2018, the Court issued the discovery and scheduling order.

As previously stated, on January 7, 2019, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on February 5, 2019, and Defendants filed a reply and objections on February 11, 2019. Accordingly, Defendants' motion is deemed submitted for review without oral argument. Local Rule 230(l).

1

# II.

# LEGAL STANDARD

## A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

## B.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

## III.

## DISCUSSION

### A. Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a

standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. [¶] The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a) (3-4).

**B.     Summary of Allegations Underlying Plaintiff's Constitutional Claims**

The events at issue in the instant action took place while Plaintiff was incarcerated at Pleasant Valley State Prison (PVSP).

Plaintiff's medical conditions include, but are not limited to, Acid Reflux Disease (GERD), Barrett's Esophagus, Diverticulitis and Hiatal hernia, all of which are gastrointestinal in nature, and can be controlled by a proper medical diet.

Plaintiff complained to his Primary Care Provided (PCP) Defendant M. Conanan that the excessive amounts of seasoning and grease used in the food was making him physically sick and causing him to choke and vomit. Defendant scheduled Plaintiff to see a registered dietitian.

On September 21, 2016, Plaintiff spoke with registered dietitian L. Hilton, who evaluated his medical condition and recommended a host of food items that the Plaintiff should avoid to alleviate his symptoms. This recommendation also included a list of health food items that the Plaintiff should eat to help with his medical condition.

On or about October-December 2016, Plaintiff informed Defendant M. Conanan about Hilton's recommendation that he be given a medical chrono to allow him more time to fully chew and eat his food in the kitchen, but the request was denied.

4

Plaintiff further informed Defendant M. Conanan that the greasy/spicy food was causing him severe burning in his chest and esophagus, and that the recommendation of the registered dietitian was not being adhered to. The dietitian recommended a host of food items the Plaintiff should avoid, and such food items were served on a regular basis as part of the regular diet served to the inmate population. Plaintiff submits that the food items recommended by the dietitian could only be provided to Plaintiff by way of a special therapeutic diet-which Defendant Conanan continues to deny.

On or about November 21, 2016, after numerous letters, requests and interviews, Plaintiff filed a formal medical appeal to the medical supervisors. In the appeal, Plaintiff mentioned that the failure to provide him the means to follow the recommendations of the registered dietitian was contributing to, and making his serious medical condition worse. Defendants Onyeje and Young continue to refuse Plaintiff a proper medical diet to alleviate the serious pain he is forced to endure. Plaintiff's medical issues require the Defendants to make it possible for him to follow the recommendations of the registered dietitian.

**C.      Statement of Undisputed Facts**

1.     Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff is currently incarcerated at Valley State Prison. (ECF No. 16.)

2.     Plaintiff has acid reflux disease, Barrett's esophagus, diverticulitis, and a hiatal hernia. (Pl.'s Am. Compl. a 5, ECF No. 11.)

3.     Plaintiff alleges that Pleasant Valley's food contains excessive amounts of spice and grease, which cause him to aspirate and choke. (Id.)

4.     Plaintiff alleges that he told Defendant Conanan, his primary care physician, about his issues with Pleasant Valley State Prison's food. (Id. at 6.)

5.     Defendant Conanan scheduled Plaintiff to meet with a registered dietician to discuss how to manage his condition. (Id.)

6.     Plaintiff saw the dietician on September 21, 2016, and the dietician recommended a host of foods that Plaintiff should eat to help his medical condition. The dietician also recommended that Plaintiff be given a medical chrono to allow him more time to chew his food. (Id.)

7. Plaintiff alleges that, although the dietician recommended a host of food items that Plaintiff should eat to help his medical problems, these items can only be provided if Plaintiff was given a proper diet. (Id. at 6.)

8. Plaintiff alleges that Doctor Conanan refused to offer Plaintiff a proper diet and refused to provide him with a medical chrono that would allow him more time to chew his food slowly. (Id. at 7.)

9. Plaintiff filed a health care appeal under appeal log number HC16052099 on or about November 11, 2016. This was the only appeal filed that contains allegations relevant to the current action. (Id. at 7; Moore-Herring Decl. ¶ 6.)

10. On Plaintiff's 602 grievance form, Plaintiff described his issue as requesting a kosher diet to comport with his medical needs: "Gerd, Barrett, acid reflux, aspiration, sensitivity to spices and/or greasy food. 10-13-16 doctor appt. request for assignment to kosher diet. Doctor Advised no authority to issue medical diet. Per title 15 3054d medical diet is available." (Moore-Herring Decl. ¶ 6, Ex C.)

11. Defendant Conanan conducted the first-level interview of Plaintiff on November 29, 2016. At that time, Plaintiff asked for a kosher diet due to reflux disease. He stated that bland foods would help, but food has spices that cause discomfort. He further asked for a diet that would work with his medical dietary needs to avoid reflux and lung damage from aspiration. (Id. at ¶ 7, Ex. D.)

12. At the first-level review, Defendant Conanan denied Plaintiff's request for a kosher diet as not medically indicated. (Id.)

13. Plaintiff appealed the first level decision of his grievance because he found that the only granting to this appeal that is acceptable is "where [he is] no longer required to eat greasy spicy food that makes [him] sick." At the second level, Defendants Onyeje and Young denied Plaintiff's grievance and agreed with Defendant Conanan that a kosher diet was not medically indicated and that the referral to a dietician to help manage Plaintiff's acid reflux was appropriate. (Id. at ¶ 8, Ex. E.)

14. Plaintiff appealed his grievance's denial to the third level. (Id. ¶ 9, Ex. F.)

15. The third-level considered Plaintiff's grievance to be a request for a kosher diet that would comport with his medical needs and avoid reflux and serious lung damage. (Id.)

1         16.     On May 3, 2017, the third-level denied Plaintiff's grievance, concluding that the California Correctional Health Care Service (CCHCS) had no authority to order Plaintiff to receive a kosher diet; however, it also noted that Plaintiff had consultations with a registered dietician for education on GERDS and appropriate food choices. (Id.)

          17.     The third-level decision exhausted Plaintiff's grievance. (Id.)

**D.      Defendants' Objections to Evidence Submitted in Plaintiff's Opposition[1]**

Federal Rule of Civil Procedure 56(c)(1) requires a party to support its factual positions by citing to, among other things, affidavits or declarations. Rule 56(c)(4) of the Federal Rules of Civil Procedure states that affidavits and declarations submitted for or against a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Thus, only admissible evidence may be considered by the court. Beyene v. Coleman Sec. Services, Inc., 854 F.2d 1179, 1181 (9th Cir. 1988). Inadmissible hearsay cannot be considered on a motion for summary judgment. See Anheuser-Busch v. Natural Beverage Distrib., 69 F.3d 337, 345 n.4 (9th Cir. 1995). Further, when "any law of the United States" requires any matter to be supported by an affidavit, the declarant must swear under the penalty of perjury of the laws of the United States that the matters described in the affidavit are true and correct." 28 U.S.C. § 1746(2).

In support of his opposition, Plaintiff has submitted three separate documents which contain both factual statements and legal arguments. However, Plaintiff has not submitted his factual assertions in the form of a declaration as required by Rule 56(c) and 28 U.S.C. § 1746. Nonetheless, some of the statements within Plaintiff's opposition documents are hearsay. Hearsay is a statement that the declarant did not make while testifying in the current trial or hearing and is presented to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Hearsay is not admissible unless a federal statute or rule provides otherwise. Fed. R. Evid. 802.

///

---

[1] Defendants initially argue that Plaintiff's opposition is untimely and should not be considered. The Court does not agree. Defendants filed and served their motion on January 7, 2019. (ECF No. 31.) Pursuant to Local Rule 230(l), Plaintiff had twenty-one days to file an opposition, and under Federal Rule of Civil Procedure 6(d), Plaintiff is afforded an additional three days because service was accomplished by mail, i.e. February 1, 2019.

The Court has reviewed Defendants' objections, and the objections are sustained on the ground of hearsay testimony. As Defendant's objections on the ground of hearsay have been sustained, the Court declines to address the additional grounds raised by Defendant. The statements, in page two lines 13 through 18, 19 through 25, and 26 through 23, page three, lines 2 through 8, and page 12, lines 9 through 10, shall not be considered in deciding the current motions. (ECF No. 34.)

### E. Analysis of Defendants' Motion

Defendants argue that Plaintiff only filed one inmate grievance relevant to this action and he did not include any allegation about their alleged refusal to provide him with a medical chrono granting him additional time to chew and consume his food.

In his opposition, Plaintiff argues (1) his grievance was sufficient to alert prison officials to the need for a medical chrono; (2) various prison staff told him to get a medical chrono and therefore, implicitly the institution knew he needed one; (3) he filed a reasonable accommodation request form 1824 with prison staff; and (4) he wrote a letter to the Deputy Director of California Correctional Health Care Services after the grievance was exhausted at the third level or review.

In response, Defendants argue that none of Plaintiff's contentions generates a material dispute of fact that Plaintiff failed to exhaust his claim that Defendants failed to provide him a medical chrono.

As an initial matter, there is no dispute that PVSP had an administrative process available to Plaintiff and that Plaintiff availed himself of all levels of the process. It is undisputed that Plaintiff filed a health care appeal under appeal log number HC16052099 on or about November 11, 2016. This was the only appeal filed that contains allegations relevant to the current action. (Pl's Am. Compl. at 7; Moore-Herring Decl. ¶ 6.) On Plaintiff's 602 grievance form, Plaintiff described his issue as requesting a kosher diet to comport with his medical needs: "Gerd, Barrett, acid reflux, aspiration, sensitivity to spices and/or greasy food. 10-13-16 doctor appt. request for assignment to kosher diet. Doctor Advised no authority to issue medical diet. Per title 15 3054d medical diet is available." (Moore-Herring Decl. ¶ 6, Ex C.)

Defendant Conanan conducted the first-level interview of Plaintiff on November 29, 2016. At that time, Plaintiff asked for a kosher diet due to reflux disease. He stated that bland foods would help, but food has spices that cause discomfort. He further asked for a diet that would work with his

8

medical dietary needs to avoid reflux and lung damage from aspiration. (Id. at ¶ 7, Ex. D.) At the first-level review, Defendant Conanan denied Plaintiff's request for a kosher diet as not medically indicated. (Id.)

Plaintiff appealed the first level decision of his grievance because he found that the only granting to this appeal that is acceptable is "where [he is] no longer required to eat greasy spicy food that makes [him] sick." At the second level, Defendants Onyeje and Young denied Plaintiff's grievance and agreed with Defendant Conanan that a kosher diet was not medically indicated and that the referral to a dietician to help manage Plaintiff's acid reflux was appropriate. (Id. at ¶ 8, Ex. E.)

Plaintiff appealed his grievance's denial to the third level. (Id. ¶ 9, Ex. F.) The third-level considered Plaintiff's grievance to be a request for a kosher diet that would comport with his medical needs and avoid reflux and serious lung damage. (Id.)

On May 3, 2017, the third-level denied Plaintiff's grievance, concluding that the California Correctional Health Care Service (CCHCS) had no authority to order Plaintiff to receive a kosher diet; however, it also noted that Plaintiff had consultations with a registered dietician for education on GERDS and appropriate food choices. (Id.) The third-level decision exhausted Plaintiff's grievance. (Id.)

Plaintiff's appeal log number HC16052099 makes no mention that Defendants refused to provide him a medical chrono allowing him to have more time to chew and consume his food. Rather, the focus and issue and request for relief related to the lack of and request for a proper diet. Although both claims involved medical issues, they are distinct and separate claims and requests for relief. The administrative remedies may not be exhausted where the grievance does not have the same subject and same request for relief. See, e.g., Packnett v. Alvarez, No. 15-cv-01229-YGR (PR), 2017 WL 4176436, at * 18 (N.D. Cal. Sept. 21, 2017) (grievance that focused on inmate's mobility restrictions being increased improperly to DDP/DPM status did not serve to exhaust injuries sustained during bus transport or refusal to refer him to a pain-management consultant). Contrary to the specific requirements of § 3084.2(a)(4), Plaintiff did not state all facts known and available to him. Nowhere in Plaintiff's appeal did he mention anything about Defendants' refusal to provide him a chrono allowing him more time to eat his food. Thus, Plaintiff failed to articulate all facts known or available

to him, and he has not exhausted his remedies as required by CDCR's regulations. Furthermore, even under the prior "notice" standard set forth in Griffin v. Arpaio,[2] Plaintiff's allegations in the grievance failed to provide sufficient notice. There is nothing in appeal log number HC16052099 which informs the reviewing officials that Plaintiff should have received a chrono to allow more time to chew his food and that Defendant Conanan refused to provide it. Moreover, the responses to Plaintiff's grievance reflect such fact: the grievance was treated as a request to receive a therapeutic diet, which Defendants determined to be medically inapplicable to Plaintiff.[3] Accordingly, Defendants have met their initial burden of demonstrating that Plaintiff failed to exhaust his claim that they were deliberately indifferent by denying him a medical chrono granting him additional time to chew and consume his food. The burden now shifts to Plaintiff to "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Albino, 747 F.3d at 1172.

First, Plaintiff's claim that he told custody staff or that custody staff were somehow aware of his need for a medical chrono is not sufficient to exhaust the administrative remedies because exhaustion requires compliance with the prison's rules and regulations. See Jones v. Bock, 549 U.S. 199, 218 (2007) (holding that compliance with prison's critical procedural rules is necessary for proper exhaustion); Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) ("[A] prisoner must 'complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to brining suit."); Cal. Code Regs. tit. 15, § 3084.1(a) and (b)

---

[2] In Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009), the Ninth Circuit held that when prison procedures do not specify the requisite level of detail, "'a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"). However, as stated in section A, the current and applicable regulations to this case specifically requires that the inmate state all facts known and available to him regarding the issue being appealed at the time of submitting the appeal form.

[3] The Court further notes that the reasoning set forth in Reyes v. Smith, 810 F.3d 654 (9th Cir. 2016), is not applicable in this instance. In Reyes, the Ninth Circuit held that "when prison officials address the merits of a prisoner's grievance instead of enforcing a procedural bar, the state's interests in administrative exhaustion have been served." Id. at 657. In such instance, "prison officials have had the opportunity to address the grievance and correct their own errors and an administrative record has been developed." Id. However, in this instance, Reyes does not obviate Plaintiff's exhaustion obligations because nothing in the grievance would have put prison officials on notice of that he did not receive a medical chrono to allow for more time to chew his food. Thus, prison officials could not have chosen to ignore a procedural problem of which they were not even aware.

(outlining the three levels of review of an inmate grievance system and requiring all grievances to pass through three levels of review).

Second, the fact that Plaintiff submitted a CDCR 1824 reasonable accommodation request does not satisfy and is not a substitute for completion of the administrative exhaustion process. See, e.g., Hampton v. Haynie, No. 2:15-cv-2038-TLJ-KJN, 2016 WL 8731362, at *9 (E.D. Cal. Jan. 15, 2016) ("Filing a request for accommodation under the ADA does not exhaust administrative remedies for the purpose of bringing a § 1983 action in federal court.") Rather, a CDCR 1824 form is a request for accommodations under the Americans with Disabilities Act. See Cal. Code Regs. tit. 15, § 3053. A CDCR 1824 form is an informal request for ADA accommodations, and is to be filed prior to pursuing the formal grievance process. Gatlin v. Nichols, No. CIV S-06-2465 WBS GGH P, 2007 WL 4219170, at *1 (E.D. Cal. Nov. 29, 2007). If the inmate disagrees with the response he received from the Reasonable Accommodation Panel he must pursue the formal 602 grievance process. Id. Furthermore, the CDCR 1824 form does not mention a request for a chrono. (Pl.'s Opp'n at 62-63, Ex. I.) In addition, the form and response thereto specifically advised Plaintiff to pursue and complete the inmate grievance process by submitting a 602. (Id.)

Lastly, the fact that after Plaintiff's appeal was denied at the third level, he sent CCHCS's Deputy Director a letter on May 26, 2017, did not and could not serve to exhaust the administrative remedies. (Pl.'s Opp'n at 59, Ex. H.) In the letter, Plaintiff requested, in pertinent part, that PVSP provide him with appropriate food choices as recommended by the dietician's consultation and a chrono allowing him more time to chew and consume his food. On June 30, 2017, CCHCS responded to Plaintiff's May 26, 2017 letter informing him that his administrative remedies, as specifically alleged in his health care appeal, had been exhausted. (Id.) Because Plaintiff's appeal log number HC16052099 made no mention of the failure to provide him a medical chrono, and it is clear Plaintiff could have pursued administrative remedies to obtain a medical chrono to allow more time to consume his food, the administrative remedies are not exhausted as to this claim. Thus, Plaintiff cannot claim that the May 26, 2017 letter which, for the first time, mentioned the failure to provide a medical chrono served to exhaust the administrative remedies because the process was final when denied at the

Director's level of review on May 3, 2017.  Cal. Code Regs. tit. 15, § 3084.1(b); Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010).

With regard to Plaintiff's request for additional discovery, it must be denied. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006). "References in memoranda and declarations to a need for discovery do not qualify" as a proper request under Rule 56(d).  Brae Trasnp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986). Local Rule 260(b) also requires the party asserting the need for more discovery to provide "a specification of particular facts on which discovery is to be had or the issues on which discovery is necessary."

Concurrently with their motion for summary judgment, Defendants served Plaintiff with the requisite notice of the requirements for opposing the motion. Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012); Rand v. Rowland, 154 F.3d 952, 960-61 (9th Cir. 1998).  This notice advised Plaintiff of what was necessary to oppose a motion for summary judgment, and specifically explained that he had to make a request for additional discovery in accordance with Local Rule 260(b).  (ECF No. 31-1.) Plaintiff has made no explicit assertion by way of declaration that more discovery is necessary to oppose Defendants' instant motion.  Instead, Plaintiff contends that the Court should notify him of whether he needed to produce more discovery to secure "copies of such exhausted administrative remedies," and asked the Court to "please advise if motion for discovery is needed beyond this." (Pl.'s Opp'n at 5.)

///

Plaintiff fails to identify relevant information he believes would defeat summary judgment, and how he would obtain it, if he had more time to conduct discovery. Plaintiff's bare desire for additional discovery does not entitled him to relief under Rule 56(d). <u>Naoko Ohno v. Yuko Yasuma</u>, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation). Accordingly, Plaintiff's request must be denied.

### III.
### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment should be granted; and
2. Plaintiff's claim relating to the denial of a medical chrono be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __March 12, 2019__

UNITED STATES MAGISTRATE JUDGE