# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. WARZEK,<br><br>  Plaintiff,<br><br>  v.<br><br>O. ONEYEJE, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-01452-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED<br><br>[ECF No. 40] |

Plaintiff Michael R. Warzek is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to amend, filed April 15, 2019.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants M. Conanan, O. Onyeje, and Charles E. Young for deliberate indifference to a serious medical need.

On August 2, 2018, Defendants filed an answer to the complaint.

On August 7, 2018, the Court issued the discovery and scheduling order.

Defendants filed an answer to the complaint on August 2, 2018. On August 7, 2018, the Court issued the initial discovery and scheduling order. On October 12, 2018, the Court referred to the case to the post-screening alternative dispute resolution and stayed the case for 120 days. After Defendants

1

filed a notice to opt out of the settlement conference, the Court issued an amended discovery and scheduling order on November 14, 2018.

On January 7, 2019, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on February 5, 2019, and Defendants filed a reply and objections on February 11, 2019. On March 12, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted, and Plaintiff's claim relating to the denial of a medical chrono be dismissed, without prejudice, for failure to exhaust the administrative remedies. Plaintiff filed objections on April 15, 2019. The assigned District Judge has not yet issued a decision on the Findings and Recommendation.

On March 8, 2019, Plaintiff filed a second amended complaint which was lodged by the Court. However, Plaintiff did not file a motion to amend the complaint until April 15, 2019, along with another copy of the proposed second amended complaint which was lodged. Defendants filed an opposition to Plaintiff's motion to amend on May 6, 2019. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir.

2

2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. Id. Where the request to amend is after a date established in the Rule 16 scheduling order, the party must first show good cause to amend before the court considers whether amendment is appropriate under Rule 15. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); Johnson v. Mammoth Recreations, Inc., 975 F.2d at 607-08.

Pursuant to the amended discovery and scheduling order, the deadline to amend the pleadings expired on March 7, 2019. (ECF No. 30.) Because Plaintiff did not amend the complaint within 21 days of service of the answer, Plaintiff's motion to amend the complaint was due on or before March 17, 2019. (Id.) Although Plaintiff submitted a proposed second amended complaint on March 4,

///

///

///

2019,[1] he did not formally move to amend the complaint until April 15, 2019. Therefore, Plaintiff must show good cause to modify the discovery and scheduling order under Federal Rule of Civil Procedure 16, before the Court proceeds to the analysis under Rule 15(a).

Here, Plaintiff seeks to amend the complaint to "update the Defendants in this action and the claim." (Mot. at 1.) Defendants oppose Plaintiff's motion to amend on the grounds that: (1) it is untimely under the discovery and scheduling order; (2) it is futile as to the claims against Defendants CDCR and CCHCS; and (3) the claims for injunctive relief are barred by the Plata class action.

As previously stated, this action is proceeding against Defendants M. Conanan, O. Onyeje, and Charles E. Young for deliberate indifference to a serious medical need. More specifically, Plaintiff contends that he was denied a proper medical diet to accommodate his medical needs.

Based on a review of Plaintiff's amended complaint, Plaintiff is seeking to amend to add Defendants Ola, J. Lewis, and John Doe who are responsible for the formulation of CCHCS's dietary policies, CDCR, and CCHCS. Plaintiff alleges that around January 28, 2016, he noticed that the cooks were using large amounts of spice to prepare the food, and the food made his physically ill. (ECF No. 36 at 10.) Plaintiff contends "there is no bland, non greasy, low fat, low salt type of therapeutic diet for G.E.R.D. approved by 4.20.2 Outpatient Dietary Intervention Procedure of CCHCS." (Id.)

1. Plaintiff's Motion to Amend is Untimely Under Rule 16

Plaintiff seeks to file a second amended complaint adding new Defendants to the action. However, the motion is untimely, having been filed over one month after the discovery and scheduling order deadline of March 7, 2019, for filing such a motion. In addition, Plaintiff fails to show good cause to now change that deadline. Indeed, Plaintiff's motion to amend does not address any diligence on his part in seeking to amend the complaint, and he provides no reason whatsoever as to why he wanted until after the deadline to amend expired and on the eve of the discovery deadline. Accordingly, Plaintiff's motion to amend should be denied as untimely. See, e.g., Lennar Mare Island,

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

4

LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015); see also Jackson v. Laureate Inc., 186 F.R.D. 605 (E.D. Cal. 1999) ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendment[s].") (quoting Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364, 1371 (1st Cir. 1991)). Nonetheless, even if Plaintiff's motion was timely, it should be denied under Rule 15, as discussed infra.

2. Plaintiff's Motion to Amend Should be Denied Under Rule 15

**a. Prior Amendments**

The court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). Here, the Court has previously permitted Plaintiff leave to amend his complaint, and therefore this factor weighs in favor of denial of Plaintiff's motion to amend.

**b. Undue Delay**

Undue delay, alone, is insufficient to denying granting leave to amend pleadings. Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981). An important factor is whether "permitting an amendment would … produce an undue delay in litigation." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff's second amended complaint seeks to add several new Defendants regarding a policy of medical care at Pleasant Valley State Prison and CDCR. Plaintiff fails to demonstrate what he waited until now to seek to amend the complaint. This action has been pending for approximately two and a half years and the current discovery deadline expired on May 7, 2016-22 days after Plaintiff filed the instant motion. Defendants have answered the complaint and filed a motion for exhaustion of administrative remedies which the undersigned recommended to grant dismissing one of Plaintiff's medical claims. (ECF No. 38.) Thus, given the age and procedural posture of this case, allowing Plaintiff to file a second amended complaint would cause a significant delay in the action. Any new

Defendants would need to located, served and provided an opportunity to conduct discovery. See, e.g., Zivkovic v. S Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of a motion for leave to amend filed five days before the close of discovery where the additional claims would have required additional discovery, delaying proceedings and prejudicing defendants); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); Solomon v. N. Am., Life & Cas. Ins. Co., 151 F.3d 1132, 1134 (9th Cir. 1998) (affirming the denial of a motion for leave to amend that was filed "on the eve of the discovery deadline"—two weeks before the close of discovery—where granting the motion "would have required re-opening discovery, thus delaying the proceedings.")

Therefore, this factor weighs in favor of denying Plaintiff's motion for leave to amend.

  **c. Bad Faith**

There is no evidence before the Court to suggest that Plaintiff acted in bad faith. Thus, this factor has no bearing on whether the Court should grant Plaintiff leave to amend.

  **d. Futility of Amendment**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Plaintiff's claims against CDCR and CCHCS are futile because the claims are barred by the Eleventh Amendment. Both CDCR and CCHCS are state agencies, and Plaintiff cannot seek relief under section 1983 against such agencies. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) ("This jurisdictional bar applies regardless of the relief sought."); Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) (the Eleventh Amendment bars claim for injunctive relief against Alabama and its Board of Corrections); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (dismissing civil rights suit under the Eleventh Amendment.) Further, to the extent Plaintiff's request for injunctive relief seeking systemic relief, it is duplicative of the relief available in Plata v. Schwarzenegger, No. C-01-1351 TECH (N.D. Cal., filed May 14, 1990); Plata Stipulation ¶ 8; RJN Ex. H; see also Brown v. Plata, 563 U.S. 493, 507 (2011)).

The <u>Plata</u> class action seeks systemic reform of medical care in the California prisoner for inmates with serious medical needs. <u>Pride v. Correa</u>, 719 F.3d 1130, 1136 (9th Cir. 2013). In 2002, an injunction was approved, however after the "State failed to comply with the injunction," and the district court appointed a receiver to oversee remedial efforts in the California prisons. <u>Plata</u>, 563 U.S. at 507. In August 2009, the district court found that Plata litigation's efforts including the Plata stipulation and the receivership had failed to remedy the constitutional violations in California prisons. <u>Coleman v. Schwarzenegger</u>, CIV S-90-0520 LKK JFM P, 922 F.Supp.2d 882, 2009 WL 2430820 (E.D. & N.D. Cal. Aug. 4, 2009), at *25-26. The district court then requested a three-judge court convene to consider issuing a prisoner release order. <u>Id.</u> The three-judge court determined that: (1) crowding was the primary cause of the constitutional violation in Plata; and (2) no other relief, other than a prison release order, would remedy the constitutional violations. <u>Id.</u> at *29-115. The United States Supreme Court affirmed the three-judge court's prison release order. <u>Brown v. Plata</u>, 563 U.S. at 493.

In <u>Pride</u>, the Ninth Circuit held that the <u>Plata</u> stipulation permitted defendants to assert issue preclusion and res judicata in other litigation seeking systemic reform of medical care in California prisons for inmates with serious medical needs. <u>Pride v. Correa</u>, 719 F.3d at 1136. The Court reasoned that the avoidance of concurrent litigation and potentially inconsistent results justified dismissal. <u>Id.</u> at 1137. Thus, when an inmate Plaintiff seeks injunctive relief for medical care on a systemic level, the Plata litigation will bar the injunction because it duplicates that class action's prayer for relief. <u>Id.</u> However, "where an inmate brings an independent claim for injunctive relief solely on his own behalf for medical care that relates to him alone, there is no duplication of claims or concurrent litigation." <u>Id.</u>

In as much as Plaintiff is seeking systemic relief for inmates in relation to their medical needs, Plaintiff is precluded by the <u>Plata</u> class action from bringing the issues here. Plaintiff requests injunctive relief to require CDCR and CCHCS to amend its entire dietary policy to include a therapeutic diet specifically for acid reflux, Barrett's esophagus, diverticulitis, and hiatal hernia. (Pl.'s Second Am. Compl. at 17, ECF No. 39.) Plaintiff also requests the Court require the dietary intervention policy to adhere to the American Medical Association standards and requests access to

medical care that is in-line with industry norms. (Id.) These requests for relief are not specific to Plaintiff's individual needs and are duplicative of those in the pending Plata class action and are subject to dismissal. Pride v. Correa, 719 F.3d at 1134; Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979). Rather, Plaintiff's requests are systemic in nature and duplicate the injunctive relief available in Plata. See, e.g., Gary v. Hawthron, No. 06-cv-1528-WQH (PCL), 2007 WL 1781098, at *2 (S.D. Cal. Sept. 19, 2007) (dismissing injunctive relief requesting "better medical staffing and screening procedures for all prison inmates). Accordingly, two of Plaintiff's proposed amendments are futile.

### e. Prejudice to Opposing Party

Prejudice is the most critical factor in determining whether leave to amend should be granted. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d at 1052. "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and dispositive motions have been filed, briefed, and decided." Peterson v. California, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at * 3 (E.D. Cal. Sept. 1, 2011) (quoting Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999)); see also Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.3d 1393, 1398-99 (9th Cir. 1986) (affirming the denial of leave to amend and holding that the district court did not abuse its discretion in concluding that allowing amendment would prejudice the defendant because of the necessity for further discovery); Bassani v. Sutton, 430 Fed. App'x 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery—were not an abuse of discretion").

Plaintiff filed the instant motion to amend on the eve of the discovery deadline, which expired on May 7, 2019, and the dispositive motion deadline is set to expire on July 8, 2019. Allowing amendment to add a new medical policy claim and new parties would prejudice Defendants. An exhaustion-related motion for summary judgment has been filed, fully briefed, and a recommendation to grant the motion is pending to dismiss one of Plaintiff's claims. The discovery and dispositive motion deadlines would need to be extended. Thus, at this juncture of the litigation, Defendants will undoubtedly be harmed by this delay and the inevitable reopening of discovery. Plaintiff offers no

reason why this is necessary or appropriate. Accordingly, Plaintiff's motion to amend should be denied.

### III.
### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 24, 2019**

UNITED STATES MAGISTRATE JUDGE