# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. WARZEK,<br><br>      Plaintiff,<br><br>v.<br><br>O. ONEYEJE, et al.,<br><br>      Defendants. | Case No.: 1:17-cv-01452-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION TO AMEND THE COMPLAINT BE DENIED<br><br>[ECF No. |

Plaintiff Michael R. Warzek is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to add Defendant Dr. Renee Kanan, filed on October 22, 2019.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants M. Conanan, O. Onyeje, and Charles E. Young for deliberate indifference to a serious medical need.

On August 2, 2018, Defendants filed an answer to the complaint.

On August 7, 2018, the Court issued the discovery and scheduling order.

On January 7, 2019, Defendants filed a motion for summary judgment for failure to exhaust the administrative remedies. Plaintiff filed an opposition on February 5, 2019, and Defendants filed a

reply and objections on February 11, 2019. On March 12, 2019, the undersigned issued Findings and Recommendations recommending that Defendants' motion for summary judgment be granted, and Plaintiff's claim relating to the denial of a medical chrono be dismissed, without prejudice, for failure to exhaust the administrative remedies. Plaintiff filed objections on April 15, 2019. On July 12, 2019, the Findings and Recommendations were adopted in full and Plaintiff's claim relating to the denial of a medical chrono was dismissed, without prejudice.

On March 8, 2019, Plaintiff filed a second amended complaint which was lodged by the Court. However, Plaintiff did not file a motion to amend the complaint until April 15, 2019, along with another copy of the proposed second amended complaint which was lodged. Defendants filed an opposition to Plaintiff's motion to amend on May 6, 2019. On May 24, 2019, the undersigned issued Findings and Recommendations recommending Plaintiff's motion to amend the complaint be denied. (ECF No. 46.) The Findings and Recommendations were adopted in full on August 23, 2019. (ECF No. 52.)

As previously stated, on October 22, 2019, Plaintiff filed the instant motion to add Defendant Dr. Renee Kanan. Defendants filed an opposition on October 31, 2019. Plaintiff did not file a reply and the time to do so has expired. Local Rule 230(l).

## II.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not

bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

Amendments of the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure which provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The district court has broad discretion in supervision of the pretrial phase of litigation. Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Rule 16's good cause standard considers the diligence of the party seeking amendment and the pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While prejudice to the opposing party could "supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson, 975 F.2d at 609. Therefore, if the party moving for amendment of the scheduling order has not demonstrated diligence, the inquiry should end and the motion should be denied. Id. Where the request to amend is after a date established in the Rule 16 scheduling order, the party must first show good cause to amend before the court considers whether amendment is appropriate under Rule 15. Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); Johnson v. Mammoth Recreations, Inc., 975 F.2d at 607-08.

Pursuant to the amended discovery and scheduling order, the deadline to amend the pleadings expired on March 7, 2019. (ECF No. 30.) Because Plaintiff did not amend the complaint within 21 days of service of the answer, Plaintiff's motion to amend the complaint was due on or before March 17, 2019. (Id.) Therefore, Plaintiff must show good cause to modify the discovery and scheduling order under Federal Rule of Civil Procedure 16, before the Court proceeds to the analysis under Rule

15(a).

Here, Plaintiff seeks to amend the complaint to add Dr. Kanan as a Defendant "for his acts or omissions, callous disregard, and deliberate indifference for Plaintiffs' federally protected rights." (Pl.'s Mot. to Amend Compl., ECF No. 27 at 2.) Defendants oppose Plaintiff's motion to amend because it is untimely and the amendment is futile and will prejudice Defendants.

As previously stated, this action is proceeding against Defendants M. Conanan, O. Onyeje, and Charles E. Young for deliberate indifference to a serious medical need. More specifically, Plaintiff contends that he was denied a proper medical diet to accommodate his medical needs.

### 1. Plaintiff's Motion to Amend is Untimely Under Rule 16

Plaintiff seeks to file amend the complaint to add a new Defendant to the action. However, the motion is untimely, having been filed over seven months after the deadline to amend the pleadings expired on March 7, 2019. In addition, Plaintiff fails to show good cause to now change that deadline. Although Plaintiff contends that he did not know of Dr. Kanan's name until he received discovery from Defendants, he fails to explain why he did not seek this information through discovery before the March 7, 2019 deadline to amend the pleadings. Discovery was initially open in this action from August 7, 2018 to October 12, 2018, and then again from November 14, 2018 to May 7, 2019. Thus, Plaintiff had several months to conduct discovery prior to the March 7, 2019, deadline to amend the pleadings. Plaintiff has not demonstrated due diligence in seeking an extension to amend the complaint seven months after the expiration date. Thus, Plaintiff has not met the "good cause" standard under Rule 16(b), and his motion to amend should be denied as untimely. See, e.g., Lennar Mare Island, LLC v. Steadfast Ins. Co., No. 2:12-cv-02182-KJM, 2015 WL 4910468, at *4 (E.D. Cal. Aug. 17, 2015); see also Jackson v. Laureate Inc., 186 F.R.D. 605 (E.D. Cal. 1999) ("Parties anticipating possible amendments to their pleadings have an 'unflagging obligation' to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendment[s].") (quoting Veranda Beach Club Ltd. P'ship v. W. Sur. Co., 936 F.2d 1364, 1371 (1st Cir. 1991)). Nonetheless, even if Plaintiff's motion was timely, it should be denied under Rule 15, as discussed infra.

///
///

2. Plaintiff's Motion to Amend Should be Denied Under Rule 15

**a. Prior Amendments**

The court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986). Here, the Court has previously permitted Plaintiff leave to amend his complaint, and therefore this factor weighs in favor of denial of Plaintiff's motion to amend.

**b. Undue Delay**

Undue delay, alone, is insufficient to denying granting leave to amend pleadings. Howey v. United States, 481 F.2d 1187, 1191 (9th Cir. 1973); DCD Programs v. Leighton, 833 F.2d at 186. However, in combination with other factors, delay may be sufficient to deny amendment. See Hurn v. Ret. Fund Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981). An important factor is whether "permitting an amendment would … produce an undue delay in litigation." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).

Plaintiff seeks to amend the complaint to add a new Defendant. Plaintiff fails to demonstrate what he waited until now to seek to amend the complaint. This action has been pending for approximately two and a half years and the current discovery deadline expired on May 7, 2019. Defendants have answered the complaint, filed a motion for exhaustion of administrative remedies which was granted, and filed a motion for summary judgment on the merits of his claims. Thus, given the age and procedural posture of this case, allowing Plaintiff to amend the complaint would cause a significant delay in the action. Any new Defendants would need to located, served and provided an opportunity to conduct discovery. See, e.g., Zivkovic v. S Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of a motion for leave to amend filed five days before the close of discovery where the additional claims would have required additional discovery, delaying proceedings and prejudicing defendants); Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); Solomon v. N. Am., Life & Cas. Ins. Co., 151 F.3d 1132, 1134 (9th Cir. 1998) (affirming the denial of a motion for

leave to amend that was filed "on the eve of the discovery deadline"—two weeks before the close of discovery—where granting the motion "would have required re-opening discovery, thus delaying the proceedings.") Therefore, this factor weighs in favor of denying Plaintiff's motion for leave to amend.

    **c.    Bad Faith**

There is no evidence before the Court to suggest that Plaintiff acted in bad faith. Thus, this factor has no bearing on whether the Court should grant Plaintiff leave to amend.

    **d.    Futility of Amendment**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

Here, Plaintiff has failed to plead a cognizable claim against Dr. Kanan. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff does not allege that Dr. Kanan personally participated in any alleged deprivation of Plaintiff's constitutional rights. Plaintiff contends only that "Doctor Renee Kanan is sued in his personal capacity for his acts, or omissions, callous disregard, and deliberate indifference for Plaintiff's federally protected rights. As a direct and proximate result of Defendant's failure to protect Plaintiff from harm by not providing dietary care or provisions for such necessary medical therapeutic treatment." (Pl.'s Mot. to Amend Compl., ECF No. 57 at 2.) Plaintiff only provides formulaic recitations of a cause of action's elements without any underlying factual detail that, if accepted as true, could establish a deliberate indifference claim. Furthermore, Plaintiff's official capacity claim against Dr. Kanan is futile because Plaintiff again seeks relief sought by the Plata class action. Pride v. Correa, 719 F.3d 1130, 1136 (9th Cir. 2013). This Court previously denied Plaintiff's first motion to amend on the same grounds. (ECF No. 46.) Plaintiff seeks almost the same relief herein. Plaintiff contends that Dr. Kanan is "sued in his professional capacity for injunctive relief from his

action/inaction in CCHS's failure policy to refuse a proper therapeutic bland diet, and accompanied necessary medical care treatment." (Pl.'s Mot. to Amend Compl., ECF No. 57 at 2.) Plaintiff seeks an injunction ordering Dr. Kanan to "carry out without delay correction to the failed outpatient dietary intervention policy 4.20.1 and 4.20.2 of CCHCS to provide a bland diet for Plaintiff's serious medical needs, with all medical dietary provisions as detailed in AMA medical standards of care for such medical conditions." (Id. at 3.) This relief, if granted, would go beyond Plaintiff's individual medical needs. Plaintiff's relief is systemic, and as the Court previously explained, Plaintiff cannot seek to duplicate the relief sought by the Plata class action. (ECF No. 46 at 9.) Accordingly, Plaintiff's amendment is futile.

        **e.**        **Prejudice to Opposing Party**

Prejudice is the most critical factor in determining whether leave to amend should be granted. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d at 1052. "Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and dispositive motions have been filed, briefed, and decided." Peterson v. California, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at * 3 (E.D. Cal. Sept. 1, 2011) (quoting Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999)); see also Acri v. International Ass'n of Machinists & Aerospace Workers, 781 F.3d 1393, 1398-99 (9th Cir. 1986) (affirming the denial of leave to amend and holding that the district court did not abuse its discretion in concluding that allowing amendment would prejudice the defendant because of the necessity for further discovery); Bassani v. Sutton, 430 Fed. App'x 596, 597 (9th Cir. 2011) (holding that "the district court's ultimate conclusions—that there would be undue delay and prejudice to the defendants if [the plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery—were not an abuse of discretion").

Plaintiff filed the instant motion to amend after the expiration of the discovery and on the eve of the dispositive motion deadline. Indeed, Defendants filed a motion for summary judgment addressing the merits of Plaintiff's claims on October 21, 2019. The discovery and dispositive motion deadlines would need to be extended. The parties have engaged in substantial discovery: defense counsel has filed and received answers to his interrogatories and has produced hundreds of meal sample reports in response to Plaintiff's discovery requests. (Perkins Decl. ¶ 4.) Defense counsel has

also conducted Plaintiff's deposition. (Id. at ¶ 5.) Thus, at this juncture of the litigation, Defendants will undoubtedly be harmed by this delay and the inevitable reopening of discovery. Plaintiff offers no reason why this is necessary or appropriate. Accordingly, Plaintiff's motion to amend should be denied.

### III.

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion to amend the complaint be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 14, 2019**

UNITED STATES MAGISTRATE JUDGE