UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. WARZEK,<br><br>    Plaintiff,<br><br>v.<br><br>O. ONEYEJE, et al.,<br><br>    Defendants. | Case No.: 1:17-cv-01452-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE A SURREPLY<br><br>[ECF No. 74] |

    Plaintiff Michael R. Warzek is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Plaintiff's motion for an extension of time to file a surreply. (ECF No. 74.) Plaintiff is advised that parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(l).

    The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n. 14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new

1

evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). In this instance, Plaintiff's motion sets forth no grounds justifying deviation from the standard practice and procedure. Fed. R. Civ. P. 7(b)(1)(B); Local Rule 230(l); Hill, 2005 WL 3031136, at *1. Therefore, Plaintiff's motion is denied.

IT IS SO ORDERED.

Dated: **February 13, 2020**

UNITED STATES MAGISTRATE JUDGE